UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD E. BOOKER, | ) Case No. 2:22-cv-06053-SPG-JC |
| Petitioner, | ) |
| v. | ) ORDER TO SHOW CAUSE WHY THE PETITION FOR WRIT OF HABEAS CORPUS AND THIS ACTION SHOULD NOT BE DISMISSED |
| ATTORNEY JOEL CHRISTIAN KOURY, | ) |
| Respondent. | ) |

## I. SUMMARY

On August 22, 2022, petitioner Donald E. Booker, a state prisoner who is proceeding *pro se* and has since been granted leave to proceed *in forma pauperis*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody with attachments ("Petition") pursuant to 28 U.S.C. § 2254. (Docket Nos. 1, 5). The Petition is quite difficult to understand but, construed liberally, appears to raise claims of ineffective assistance of counsel and to challenge petitioner's conviction and/or sentence in Los Angeles County Superior Court Case No. GA099455-01 ("State Case"), following resentencing proceedings. See Petition at 2-5, 35-39.[1]

---

[1] Because the pages of the Petition are not consecutively numbered, the Court refers to the Page ID numbers that appear on the electronic version of the Petition that is on the Court's docket (CM/ECF).

Petitioner purports to name as respondent Joel Christian Koury, the appointed defense counsel who represented petitioner in the State Case. (Petition at 1, 13-33, 37-39). Petitioner asserts that he has not had law library or "materials" access, and the form for the Petition he filed is the only form he has to seek relief. (Petition at 7). Petitioner has not specified what relief, if any, he seeks from this Court.

As the Petition is deficient in multiple respects, including those detailed below, petitioner is Ordered to Show Cause why the Petition and this action should not be dismissed without prejudice.

## II. PROCEDURAL HISTORY AND BACKGROUND CONCERNING THE STATE CASE[2]

On October 18, 2017, a jury in the State Case convicted petitioner on charges of assault with a deadly weapon, attempted murder, and mayhem, and found true allegations that petitioner personally inflicted great bodily injury. See Petition at 15; People v. Booker, 2019 WL 2067265, at *1 (Cal. Ct. App. May 10, 2019) (order summarizing history). The trial court sentenced petitioner to 45 years to life in state prison. (Id.).

Petitioner appealed, raising multiple claims of trial court error. On May 10, 2019, in Case No. B286842, the California Court of Appeal, Second Appellate District ("Court of Appeal") conditionally reversed the judgment and remanded the case for further proceedings. See People v. Booker, 2019 WL 2067265, at *15 (order conditionally reversing judgment and remanding to the trial court to consider whether to exercise discretion to strike sentence enhancements under Cal. Penal

---

[2]Except as otherwise noted, the procedural history set forth herein is derived from the Petition, petitioner's pending civil rights complaint filed in this Court in Booker v. Law Office of Joel C. Koury, et al., Case No. 2:22-cv-05981-SPG-JC, and the dockets of the Los Angeles County Superior Court (available online at www.lacourt.org), and the California Court of Appeal and California Supreme Court (available online at https://appellatecases.courtinfo.ca.gov), of which Court takes judicial notice. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

Code § 667(a), and to conduct a diversion eligibility hearing under Cal. Penal Code § 1001.36)). The People petitioned the California Supreme Court for review in Case No. S256078, which was granted and on July 31, 2019. On July 29, 2020, the California Supreme Court dismissed the matter and on August 19, 2020, the Court of Appeal issued a remittitur.

On remand, the trial court held a hearing on October 14, 2021, at which Mr. Koury represented petitioner. (Petition at 23-33). The trial court set a mental health diversion and resentencing hearing for November 15, 2021. (Petition at 31-33). While there are several notations in the State Case docket re "further proceedings" since the November 15, 2021 hearing date, there is no detail about what transpired in those proceedings, and no information about whether petitioner was resentenced or the outcome of any mental health diversion hearing.

On July 21, 2022, Mr. Koury filed a Notice of Appeal regarding an order or judgment dated April 14, 2022 in the State Case (the order is not a part of the record). (Petition at 11). The last entry on the State Case docket is for an unspecified "judicial action" on September 14, 2022. Consistent with the notice, petitioner has pending an appeal before the Court of Appeal: People v. Booker, Case No. B322598. On October 14, 2022, a new/different attorney was appointed to represent petitioner on appeal. Petitioner's opening brief is due on November 14, 2022. It does not appear from the available state court dockets that petitioner has anything else pending in state court.

**III. DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4 of the Rules Governing Section 2254 Cases. Based upon the Petition and the California state court records as to which the Court has
///

taken judicial notice, and for the reasons discussed below, the Court orders petitioner to show cause why the Petition/claims therein should not be dismissed.

### A. The Petition Fails to Name a Proper Respondent

A petitioner seeking federal habeas relief must name the proper respondent. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citations omitted). A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. See Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules"); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). The appropriate respondent is petitioner's immediate custodian (*i.e.*, the prison warden at the facility where he is currently housed). See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004); see also 28 U.S.C. § 2242; Rule 2(a) of the Habeas Rules. Since petitioner has improperly named as respondent his appointed counsel for the State Case, dismissal of his habeas petition for lack of jurisdiction is required absent an amendment to name a proper respondent. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir.), cert. denied, 398 U.S. 914 (1970).

### B. The Petition Appears to Be Unexhausted

The Petition does not indicate whether petitioner has exhausted his ineffective assistance of counsel claims by filing them first with the state courts. (Petition at 4-5). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies.") (citations omitted); Park v. California, 202 F.3d 1146, 1150 (9th Cir.), cert. denied, 531 U.S. 918 (2000); see also 28 U.S.C. § 2254(b)(1)(A).

"[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts. . . ." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

Exhaustion requires that a petitioner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See Baldwin v. Reese, 541 U.S. at 29; Davis v. Silva, 511 F.3d 1005, 1008 (9th Cir. 2008); James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994). A claim has not been fairly presented unless the petitioner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Anderson v. Harless, 459 U.S. 4, 6 (1982); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

Generally, a claim has not been fairly presented if it has been raised "in a procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351 (1989). If, however, it is clear that a claim is procedurally barred under state law, then no state remedies remain available and the requisite exhaustion exists. See id. at 351-52; Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996).

A federal court may raise a habeas petitioner's failure to exhaust state remedies *sua sponte*. See Stone v. City and County of San Francisco, 968 F.2d 850, 855-56 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993). Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

///

Here, it does not appear on the available record that petitioner raised an ineffective assistance of counsel claim on direct appeal. See People v. Booker, 2019 WL 2067265, at *1. Petitioner has pending a second appeal with the Court of Appeal which may or may not assert ineffective assistance of counsel claims, but even assuming he has raised his instant claims in the Court of Appeal, this would still be insufficient for exhaustion because the claims must be presented to and resolved by the California Supreme Court. Thus, it appears that the Petition is unexhausted and therefore subject to dismissal. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.") (citation omitted).

The Court observes that while the exhaustion requirement nonetheless may be satisfied if petitioner's claims are clearly procedurally barred under state law, see Castille v. Peoples, 489 U.S. at 351-52; Johnson v. Zenon, 88 F.3d at 831, in this case, particularly given the pendency of petitioner's appeal in the Court of Appeal, it is not at all "clear" that the California Supreme Court would deem petitioner's claims procedurally barred under state law if he were to raise them on a direct appeal or in a habeas petition in the California Supreme Court. See In re Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations omitted); People v. Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that fundamental constitutional rights have been violated may be raised by state habeas petition). However, this Court expresses no opinion regarding whether consideration of petitioner's claims might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87 (1993). The California Supreme Court should evaluate the matter in the first instance. Even if an applicable state procedural bar exists, the California

Supreme Court nevertheless might choose to reach the merits of petitioner's claims. See, e.g., Park, 202 F.3d at 1151-52.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, within twenty (20) days of the date of this Order, petitioner is ORDERED TO SHOW CAUSE, in writing, why this action should not be dismissed on the foregoing bases.

If petitioner contends that he has, in fact, presented his claims to the California Supreme Court and that such court has ruled thereon, his response to this Order to Show Cause shall indicate how and when petitioner raised his claims with the California Supreme Court, shall include the date of the California Supreme Court's decision regarding his claims, and shall attach a copy of such decision, if it is available.

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal. However, petitioner is advised that any dismissed claims may later be subject to dismissal with prejudice as time-barred under 28 U.S.C. § 2244(d)(1).

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause and/or to show good cause may result in the dismissal of this action based upon the deficiencies in the Petition identified above, petitioner's**

///
///
///
///
///
///
///

**failure to comply with the Court's order, and/or petitioner's failure to prosecute.**

IT IS SO ORDERED.[3]

DATED: October 31, 2022

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

Attachment

---

[3] The Magistrate Judge's instant Order to Show Cause constitutes a non-dispositive ruling on a pretrial matter. To the extent a party disagrees with such non-dispositive ruling, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the Order to Show Cause to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that it is non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the Order to Show Cause if such party does not seek review thereof, or object thereto.